## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ROBERT J. MEYER, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 3:10-cv-00452/RS-EMT |
| vs. | ) |
| THE ST. JOE COMPANY, WILLIAM BRITTON GREENE, WILLIAM S. MCCALMONT, PETER S. RUMMELL, JANNA L. CONNOLLY, MICHAEL L. AINSLIE, HUGH M. DURDEN, THOMAS A. FANNING, HARRY H. FRAMPTON, III, ADAM W. HERBERT, JR., DELORES M. KESLER, JOHN S. LORD, WALTER L. REVELL, WILLIAM H. WALTON, III, DEUTSCHE BANK SECURITIES INC. and KPMG LLP, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |
| STEVEN L. WEISSMAN, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 3:10-cv-00504/MCR-MD |
| vs. | ) |
| THE ST. JOE COMPANY, WILLIAM BRITTON GREENE, WILLIAM S. MCCALMONT, PETER S. RUMMELL and JANNA L. CONNOLLY, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MOTION OF GERALD L. HESS AND RICHARD L. KNEISEL
FOR CONSOLIDATION OF ALL RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THEIR
SELECTION OF CO-LEAD AND CO-LIAISON COUNSEL AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Gerald L. Hess ("Hess") and Richard L. Kneisel ("Kneisel") (collectively, "Hess and Kneisel" or "Movants") respectfully move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA" or the "Act"), 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B),[1] for an Order: (i) consolidating all Related Actions; (ii) appointing Hess and Kneisel as Lead Plaintiff; (iii) approving their selection of the law firms of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") and Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") to serve as Co-Lead Counsel; (iv) approving their selection of Kurkin Forehand Brandes LLP ("Kurkin Forehand Brandes") and Shepherd Finkelman Miller & Shah LLP ("Shepherd Finkelman") as Co-Liaison Counsel; and (v) granting such other and further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

Currently pending in this district are two securities class actions brought on behalf of all persons who purchased the common stock of The St. Joe Company ("St. Joe" or the "Company") between February 19, 2008 and October 12, 2010 (the "Class Period"). The actions allege violations under §§ 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)), and Securities and Exchange Commission ("SEC") Rule 10b-5 (17 C.F.R. § 240.10b-5). The first filed action, *Meyer v. The St. Joe Co., et al.*,[2] also alleges violations of §§ 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l(a)(2), and 77o) on behalf

---

[1] The lead plaintiff provisions of the Securities Act of 1933 (the "Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, are identical. *See* 15 U.S.C. §77z-1; 15 U.S.C. §78u-4. To avoid duplicative citation, only the lead plaintiff provisions of the Exchange Act are cited herein.

[2] Case No. 3:10-cv-00452/RS-EMT, (N.D. Fla. Filed Nov. 3, 2010).

of all persons who purchased or otherwise acquired St. Joe common stock pursuant to or traceable to the Company's February 27, 2008 common stock offering. Both actions are based on common misrepresentations and involve common issues of law and fact. As such, the actions are ideally suited to be consolidated. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); Section III.A., *infra*.

Once the actions are consolidated, Hess and Kneisel believe that they should be selected as lead plaintiff. The PSLRA sets forth the criteria for selecting a lead plaintiff in securities class action lawsuits like the matter at bar. Pursuant to the PSLRA, the Court is to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

As detailed in the Certifications submitted herewith, during the Class Period, Movants suffered losses exceeding $23,598 from their Class Period purchases of St. Joe's securities. *See* Declaration of John W. Forehand in Support of Motion of Gerald L. Hess and Richard L. Kneisel for Consolidation of All Related Actions, Appointment as Lead Plaintiff, and Approval of Their Selection of Co-Lead and Co-Liaison Counsel ("Forehand Decl."), Ex. B, C & D. In addition to evidencing Movants' significant stake in the outcome of this litigation, Movants' Certifications demonstrate their desire to serve as lead plaintiff in this action, as well as their understanding of the attendant duties and obligations of serving in that role. *See* Forehand Decl., Ex. B & C.

Movants believe that their financial interest in this action is the largest of any qualified class member seeking appointment as lead plaintiff in this action. Movants are not aware of any other class members filing a complaint or an application for appointment as lead plaintiff asserting greater losses due to Defendants' fraud. In addition, Movants satisfy the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Thus, pursuant to the PSLRA's lead plaintiff provision, Movants are presumptively the most adequate plaintiffs and should be appointed Lead Plaintiff for the class.

## II.     FACTUAL BACKGROUND

Defendant St. Joe is a real estate development company that is engaged in town, resort, commercial, and industrial development, rural land sales, and timber and forestry services. As of December 31, 2009, the Company owned approximately 577,000 acres of land, primarily in Northwest Florida. St. Joe is incorporated in Florida and recently relocated its headquarters to WaterSound, Florida. The Company was founded in 1936 and originally operated as St. Joe Paper Company. As explained below, throughout the Class Period, St. Joe and its officers misled investors about the value of the Company's assets.

The Class Period begins on February 19, 2008 to coincide with St. Joe announcing its fourth quarter and full year 2007 financial results. In this release, the Company announced that St. Joe had $943.5 million in real estate investments as of December 31, 2007. St. Joe's 2007 Annual Report—filed with the SEC on February 25, 2008—included a detailed schedule which provided investors with capitalization and carrying costs for the Company's real estate holdings. The 2007 Annual Report also assured investors that St. Joe's valuations properly reflected actual values. According to the Company, if "homes held in inventory

and other project land were to fall below the book value of these assets," St. Joe would take "write-downs of the book value of these assets" and that any "such write-downs would decrease the value of these assets on our balance sheet and would reduce our net income." Despite the Company's assurances, throughout the Class Period, while the Florida housing market was eroding, St. Joe failed to take adequate impairments on its troubled development projects.

Investors finally began to learn about the Company's true financial condition on October 13, 2010, when David Einhorn, of Greenlight Capital, gave a presentation entitled "Field of Schemes: If You Build It, They Won't Come."  Einhorn's presentation, which was based on his team's investigation of St. Joe's properties and market conditions in Florida, detailed "substantial impairments" that St. Joe has failed to take on the Company's RiverTown, SummerCamp Beach, and WindMark Beach development projects.  Einhorn's conclusion was simple: the carrying values that St. Joe continues to report are not warranted in light of significantly diminished property values, the absence of meaningful new sales, and the significant and continued erosion of the Florida real estate market.

The market reacted swiftly to Einhorn's analysis and by the close of trading on October 13, 2010, St. Joe's stock declined $2.38 per share, or 9.7 percent, from its close the previous day to close at $22.16 per share.  As Einhorn's presentation continued to be digested, the Company's shares declined an additional $2.42 per share, or 10.9 percent, to close on October 14, 2010 at $19.74 per share.  The losses are directly related to the market correcting the price of St. Joe's stock based on the information in Einhorn's presentation.

4

### III.   ARGUMENT

The PSLRA provides the framework for organizing securities class action lawsuits. First, the PSLRA requires consideration of motions seeking to consolidate related actions. Second, with respect to selecting a lead plaintiff, the PSLRA provides a presumption favoring the plaintiff with the largest financial interest who also meet the typicality and adequacy requirements under Rule 23.  For the reasons set forth below, Hess and Kneisel respectfully believe that the two related actions filed to date (indentified below) should be consolidated and that Hess and Kneisel should be appointed Lead Plaintiff and their selection of Co-Lead and Co-Liaison counsel approved.

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii); *see also Grand Lodge of Pa. v. Peters*, 2007 U.S. Dist. LEXIS 48191, at *4 (M.D. Fla. June 22, 2007) ("The PSLRA requires that the Court consolidate the actions, if warranted, before determining lead plaintiff.").[3]  Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501 (S.D. Fla. 2002).

---

[3]   Unless otherwise noted, all citations are omitted and emphasis is added.

Here, there are at least two related securities class actions pending in this District on behalf of investors who purchased St. Joe securities during the Class Period (the "Related Actions"):

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Meyer v. The St. Joe Co., et al.* | 10-cv-00452-RS | 11/03/2010 |
| *Weissman v. The St. Joe Co., et al.* | 10-cv-00504-MCR | 12/07/2010 |

The Related Actions present virtually identical factual and legal issues and arise out of the same alleged course of misconduct and seek to assert claims on behalf of similar classes of investors. Accordingly, consolidation is appropriate. *See Newman*, 209 F.R.D. at 501-02 ("Consolidation of shareholder class actions is recognized as benefitting the court and the parties by expediting pretrial proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned").

### B. The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice of the first filed action was published on *PR Newswire* on November 3, 2010. *See* Forehand Decl., Ex. A. Second, within sixty days of the publication of notice, any member of the proposed class may apply to be appointed as

lead plaintiff, whether or not they have previously filed a complaint in this action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa)   has either filed the complaint or made a motion in response to a notice…;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Newman*, 209 F.R.D. at 502.

The time period in which class members may move to be appointed lead plaintiff in this case expires January 3, 2011. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Movants have timely moved to be appointed lead plaintiff on behalf of all members of the class and otherwise meet all the criteria to be appointed lead plaintiff.

### C. Movants Are the "Most Adequate Plaintiff"

#### a. Movants have the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall presume that the most adequate plaintiff is the "person or group of persons" that represents the largest financial interest in the relief sought by the action. *See Newman*, 209 F.R.D. at 502. Here, Movants suffered losses exceeding $23,598 in connection with their Class Period transactions in St. Joe stock. *See* Forehand Decl., Ex. D. To the best of their knowledge, this represents the largest financial interest in the relief sought by the class.

#### b. Movants Otherwise Satisfy Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that parties may serve as class representatives if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Although Rule 23 consists of four requirements, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Miller v. Dyadic Int'l, Inc.*, 2008 U.S. Dist. LEXIS 32271, at *18 (S.D. Fla. Apr. 18, 2008) ("Of those prerequisites, only two - typicality and adequacy - are relevant in deciding a motion for appointment of lead plaintiff.").

##### i. Movants Are Typical

The typicality requirement under Rule 23 is satisfied if the lead plaintiff's "claims share the same 'essential characteristics as the class at large.'" *Id*. at *19 (citing *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278-79 n.14 (11th Cir. 2000)). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *See In re MIVA, Inc.*, 2008 U.S. Dist. LEXIS 21108, at *10 (M.D. Fla. Mar. 12, 2008) ("Neither typicality or commonality require that all putative class members share identical claims, and both may be satisfied even if some factual differences exist between the claims of the named representatives and the claims of the class at large.").

Here, Movants are typical because, just like all other class members they: (1) purchased or otherwise acquired St. Joe securities during the Class Period; (2) at market prices artificially inflated as a result of Defendants' violations of the securities laws; and (3) suffered damages when corrective disclosures removed the inflation created by Defendants' fraud causing the price of St. Joe's securities to fall. *See Dyadic*, 2008 U.S. Dist. LEXIS 32271 at *19. Thus, Movants' claims are typical of those of other class members because their claims and the class's claims share the same essential characteristics.

### ii. Movants Are Adequate

Movants also satisfy the adequacy requirement of Rule 23 which requires that the representative parties "fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B). Specifically, the adequacy requirement is met when plaintiffs demonstrate that "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has

sufficient interest in the outcome of the case to ensure vigorous advocacy." *Dyadic*, 2008 U.S. Dist. LEXIS 32271 at *19.

Hess and Kneisel satisfy the necessary elements and, therefore, meet the adequacy requirement of Rule 23.  First, as explained below, Movants have selected highly qualified firms with significant experience prosecuting class action lawsuits under the federal securities laws to serve as co-lead and co-liaison counsel for the class.  *See* Section III. D., *infra*.  Second, there is no conflict between Movants and the class.  Both Movants and the class seek to recover losses caused by Defendants' fraud.  Third, Movants, with losses over $23,598 from their Class Period transactions in St. Joe common stock, have a substantial financial interest in this action and are committed to vigorously advocating the class's claims, as evidenced by their sworn Certifications.  *See* Forehand Decl., Ex. B, C & D.  As such, Movants have demonstrated that they will fairly and adequately represent the interests of the class.

In sum, Movants, in addition to having the largest financial interest, have made a *prima facie* showing of typicality and adequacy and, therefore, satisfy all elements for appointment as Lead Plaintiff in this action.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### D. The Court Should Approve Movants' Selection of Counsel

The parties selected to serve as lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movants have selected and retained Barroway Topaz and Pomerantz to serve as Co-Lead Counsel for

the Class and Kurkin Forehand Brandes and Shepherd Finkelman to serve as Co-Liaison Counsel for the Class.  These firms have extensive experience in prosecuting complex class actions and are well qualified to represent the Class.  *See* Forehand Decl., Exs. E-H.

Barroway Topaz has specialized in prosecuting securities class action litigation for over twenty years and has emerged as one of the preeminent law firms in its field and is currently serving as lead or co-lead counsel in several high profile securities class actions including, *In re Bank of America Corporation Securities Litigation*, No. 09-md-2058 (S.D.N.Y.) and *Security Police & Fire Professionals of America Retirement Fund v. Pfizer, Incorporated*, No. 10-3105 (D.N.J.).  Barroway Topaz has represented defrauded investors in numerous class actions resulting in the recovery of billions of dollars for injured class members.  Noteworthy achievements include serving as lead (or co-lead) counsel in complex securities fraud cases such as *In re Tyco International, Limited Securities Litigation*, No. 02-266-PB (D.N.H.), *In re Tenet Healthcare Corporation Securities Litigation*, No. 02-8462 (C.D. Cal.), and *In re AremisSoft Corporation Sec. Litig.*, No. 01-2486 (D.N.J.).  *See* Forehand Decl., Ex. E.  The firm recently also obtained a favorable jury verdict for a class of investors in *In re BankAtlantic Bancorp, Incorporated Securities Litigation*, No. 07-6154, Trial Tr. at 4350:8-4364:10 (S.D. Fla. Nov. 18, 2010).  The verdict in *BankAtlantic* is just the tenth securities class action lawsuit verdict based on post-PSLRA conduct.

Similarly, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.  The firm's approach has led courts to repeatedly commend the firm for its ability to vigorously

pursue and successfully litigate actions on behalf of investors in securities fraud. For example, in appointing Pomerantz as Lead Counsel in a securities fraud class action, a court noted that the firm "has significant experience (and has been extremely effective) litigating securities class actions, employs several highly qualified attorneys, and possesses ample resources to effectively manage the class litigation and protect the class's interests." *In re Am. Italian Pasta Co. Secs. Litig.*, 2006 U.S. Dist. LEXIS 43816 (W.D. Mo., Dec. 19, 2005). Similarly, in approving a $146.25 million settlement in which Pomerantz served as Lead Counsel, a court praised the firm's efforts, noting the "vigor" with which the firm prosecuted the claims and the "excellent results" the firm obtained. *In re Charter Communications Sec. Litig.*, 2005 U.S. Dist. LEXIS 14772 (E.D. Mo., June 30, 2005). *See* Forehand Decl., Ex. F.

Indeed, both Barroway Topaz and Pomerantz have shown their commitment to protecting the class as they are the only firms to have filed complaints against St. Joe.

Additionally, Kurkin Forehand Brandes and Shepherd Finkelman are experienced in litigating complex actions and are more than capable of serving as Co-Liaison Counsel. *See* Forehand Decl., Exs. G & H.

Thus, the Court can be assured that by granting this motion, the proposed class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (i) consolidate the Related Actions; (ii) appoint Hess and Kneisel as Lead Plaintiff for the Class; (iii) approve their selection of Barroway Topaz and Pomerantz to serve as Co-Lead Counsel for the Class; (iv) approve their selection of Kurkin Forehand Brandes and Shepherd

Finkelman as Co-Liaison Counsel for the Class; and (v) grant such other and further relief as the Court may deem just and proper.

Dated:  January 3, 2010                      Respectfully submitted,

             By: s/ John W. Forehand
                John W. Forehand (Fla. Bar No. 0979813)
                KURKIN FOREHAND BRANDES LLP
                800 North Calhoun Street, Suite 1-B
                Tallahassee, FL 32303
                Tel: (850) 391-5060
                Fax: (850) 391-2645
                *Proposed Co-Liaison Counsel*

                Scott R. Shepherd (Fla. Bar No. 069655)
                Nathan C. Zipperian (Fla. Bar No. 065125)
                Jayne A. Goldstein (Fla. Bar No. 0144088)
                SHEPHERD, FINKELMAN, MILLER &
                SHAH, LLP
                1640 Town Center Circle
                Suite 216
                Weston, FL 33326
                Tel: (954) 515-0123
                Fax: (954) 515-0124
                *Proposed Co-Liaison Counsel*

                Sean M. Handler
                Darren J. Check
                Naumon A. Amjed
                BARROWAY TOPAZ KESSLER
                MELTZER & CHECK, LLP
                280 King of Prussia Road
                Radnor, PA 19087
                Tel:  (610) 667-7706
                Fax: (610) 667-7056
                *Proposed Co-Lead Counsel*

                Patrick V. Dahlstrom
                Marc I. Gross
                POMERANTZ HAUDEK GROSSMAN
                & GROSS LLP
                100 Park Avenue

           New York, NY 10017
           Tel: (212) 661-1100
           Fax:  (212) 661-8665
           *Proposed Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed in the United States District Court, Northern District of Florida, CM/ECF system on this 3rd day of January, 2011, and was served electronically via the CM/ECF system on the following:

| | |
|---|---|
| Amy Desmond Lamberti<br>Charles Alan Gilman<br>David G. Januszewski<br>CAHILL GORDON & REINDELL LLP<br>80 Pine Street<br>New York, NY<br>Telephone:  (212) 701-3000<br>Facsimile:  (212) 269-5420 | *Attorneys for Defendant Deutsche Bank Securities, Inc.* |
| Dennis K. Larry<br>CLARK, PARTINGTON, HART, LARRY, BOND & STACKHOUSE<br>125 West Romana Street, Suite 800<br>Pensacola, Florida 32502<br>Telephone:  (850) 434-9200<br>Facsimile:  (850) 432-7340 | *Attorneys for Defendants Deutsche Bank Securities, Inc., The St. Joe Company, William Britton Greene, William S. McClamont, Peter S. Rummell, Janna L. Connolly, Michael L. Ainslie, Hugh Durden, Thomas Fanning, Harry H. Frampton, III, Adam W. Herbert, Jr., Delores M. Kesler, John S. Lord, Walter L. Revell, and William H. Walton, III* |
| Clifford C. Higby<br>BRYANT AND HIGBY, CHARTERED<br>P.O. Box 860<br>Panama City, Florida 32402<br>Telephone:  (850) 763-1787<br>Facsimile:  (850) 785-1533 | *Attorney for KPMG LLP* |

s/ John W. Forehand