UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

| | |
|---|---|
| ROBERT J. MEYER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE ST. JOE COMPANY, WILLIAM BRITTON GREENE, WILLIAM S. McCALMONT, PETER S. RUMMELL, JANNA L. CONNOLLY, MICHAEL L. AINSLIE, HUGH M. DURDEN, THOMAS A. FANNING, HARRY H. FRAMPTON, III, ADAM W. HERBERT, JR., DELORES M. KESLER, JOHN S. LORD, WALTER L. REVELL, WILLIAM H. WALTON, III, DEUTSCHE BANK SECURITIES INC. and KPMG LLP,<br><br>Defendants. | No. 3:10-cv-00452-RS-EMT<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

**MOTION AND MEMORANDUM OF LAW OF CITY OF SOUTHFIELD FIRE & POLICE RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>**

| | |
|---|---|
| STEVEN L. WEISSMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>         vs.<br><br>THE ST. JOE COMPANY, WILLIAM BRITTON GREENE, WILLIAM S. McCALMONT, PETER S. RUMMELL and JANNA L. CONNOLLY,<br><br>                        Defendants. | No. 3:10-cv-00504-MCR-MD<br><br>CLASS ACTION |

## I.  PRELIMINARY STATEMENT

Presently pending before this Court are two securities class action lawsuits (the "Actions") brought on behalf of purchasers of the common stock of The St. Joe Company. ("St. Joe" or the "Company"), between February 19, 2008 and October 12, 2010, inclusive (the "Class Period"), including purchasers of the Company's securities pursuant or traceable to the Company's public offering of common stock on or about February 27, 2008.  Taken together, the Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t); 15 U.S.C. §§ 77k, 77l(a)(2) and 77o).

Proposed lead plaintiff, City of Southfield Fire & Police Retirement System ("Southfield Fire & Police"), hereby moves this Court for an Order:  (i) consolidating the related Actions pending in this District against St. Joe and certain of its officers and

directors, its underwriter and auditors pursuant to Federal Rule of Civil Procedure 42(a); (ii) appointing Southfield Fire & Police as Lead Plaintiff in the Actions pursuant to the PSLRA; and (iii) approving Southfield Fire & Police's selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Sucharow LLP ("Labaton") to serve as Lead Counsel.[1]

This motion is made on the grounds that the Actions pending in this District involve common questions of law and fact, rendering consolidation appropriate. Further, Southfield Fire & Police is the most adequate plaintiff, as defined by the PSLRA, because it possesses the largest known financial interest in these Actions. *See* Wilens Decl., Ex. B.[2] Additionally, Southfield Fire & Police also otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and it will fairly and adequately represent the interests of the class.

---

[1] Counsel for Southfield Fire & Police is aware of the directive in Local Rule 7.1(B) requiring that the moving party confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. However, the lead plaintiff appointment process set up by the PSLRA, as described herein, makes this practice impossible. While all potential parties to the action should be aware of the filing date, counsel for Southfield Fire & Police cannot determine who else may move for appointment as Lead Plaintiff at this time. Accordingly, counsel for Southfield Fire & Police requests leave from the meet and confer requirement of Local Rule 7.1(B) with respect to the filing of this motion.

[2] References to the "Wilens Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Douglas Wilens in Support of Motion of Southfield Fire & Police for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated January 3, 2011, and submitted herewith.

## II.     FACTUAL BACKGROUND

St. Joe is one of the largest real estate development companies in Florida and is engaged in town and resort development, commercial and industrial development and rural land sales.

The Complaint alleges that the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) as the Florida real estate market was in decline, St. Joe failed to take adequate and required impairments and accounting write-downs on many of its Florida based property developments; (2) as a result, St. Joe's financial statements materially overvalued the Company's Florida based property developments; (3) the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles; (4) the Company lacked adequate internal and financial controls; and (5) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

On October 13, 2010, St. Joe's investors were shocked as David Einhorn, of Greenlight Capital[3] detailed at the Value Investing Congress[4] how St. Joe needed to take "substantial impairments" and accounting writedowns on many of its properties, and that

---

[3]     Greenlight Capital is a hedge fund which was founded by David Einhorn. It invests primarily in publicly traded North American corporate debt offerings and equities. It also manages a fund of funds and a private equity fund through its affiliates.

[4]     The Value Investing Congress is an annual seminar and workshop for value investors from around the world to network with other serious, sophisticated value investors and benefit from the sharing of investment wisdom.

further building by the Company "will drive the stock price to zero." Mr. Einhorn's presentation, entitled *Field of Schemes: If You Build It, They Won't Come*, noted that St. Joe's "development plans have fallen flat, leaving it with 'ghost towns' and inevitable writedowns." For example, Mr. Einhorn said he would "generously" place a value of $17.8 million on the remaining residential development at St. Joe's Windmark Beach property while the company is carrying the property at $164.5 million on its balance sheet. Mr. Einhorn also stated that the Company "was 'stuck' after making an aggressive bet on beachfront developments that have gone nowhere, and that it was overvaluing the real estate holdings on its books."

On this news, shares of the Company's stock fell $2.38 per share, or 9.7 percent, to close on October 13, 2010 at $22.16 per share, on unusually heavy trading volume. The following day the Company's shares declined an additional $2.42 per share, or 10.9 percent, to close on October 14, 2010 at $19.74 per share, again on heavy trading volume. Cumulatively, over these two days, St. Joe's shares declined a total of $4.80 per share, or over 19.5 percent.

### III.   ARGUMENT

#### A.   The Related Actions Pending in this District Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see Grand Lodge of P.A. v. Peters*, 2007 WL

1812641, at *1 (M.D. Fla. June 22, 2007) (recognizing that "[t]he PSLRA requires that the Court consolidate the actions, if warranted, before determining lead plaintiff.").[5]

Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). At present, there are two securities class actions pending in this District against St. Joe and certain of its officers and directors, its underwriter and auditors: (1) *Meyer v. The St. Joe Co., et al.*, No. 10-cv-00452-RS-EMT, filed November 3, 2010; and (2) *Weissman v. The St. Joe Co., et al.*, No. 10-cv-00504-MCR-MD, filed December 7, 2010. These Actions present similar factual and legal issues, assert similar claims under the securities laws, and name similar defendants. *See In re Century Aluminum Co. Sec. Litig.*, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009) (consolidating cases which included both Exchange Act and Securities Act claims because the cases shared common questions of fact); *Borenstein v. Finova Group, Inc.*, 2000 WL 34524743, at *3-4 (D. Ariz. Aug. 30, 2000) (same); *In re Waste Management, Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 407 n.2 (S.D. Tex. May 8, 2000) (same). Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *Grand Lodge of P.A.*, 2007 WL 1812641, at *1.

---

[5]  Unless otherwise noted, all emphasis is added and citations omitted.

### B. Southfield Fire & Police Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-1(a)(3)(A)(i). Here, corrected notice was published on *PR Newswire*, a national, business-oriented newswire service, on November 4, 2010. *See* Wilens Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) & (B);15 U.S.C. §§ 77z-1(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *2 (M.D. Fla. Jan. 18, 2007).

### 2. Southfield Fire & Police Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Southfield Fire & Police Has Timely Filed a Lead Plaintiff Motion

According to the published notice, the time period in which class members may move to be appointed Lead Plaintiff herein under the PSLRA expires on January 3, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on November 4, 2010), Southfield Fire & Police timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

A representative of Southfield Fire & Police has duly signed and filed a certification stating that Southfield Fire & Police is willing to serve as a representative party on behalf of the class. *See* Wilens Decl., Ex. C. In addition, Southfield Fire & Police has selected and retained competent counsel to represent it and the class. *See* Wilens Decl., Ex. D, E. Accordingly, Southfield Fire & Police has satisfied the individual requirements of the PSLRA and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b. Southfield Fire & Police Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Wilens Decl., Ex. C, Southfield Fire & Police purchased St. Joe common stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, Southfield Fire & Police incurred a substantial $104,597 loss on its transactions in St. Joe securities. Wilens Decl., Ex. B. Therefore, as the movant with the largest known financial interest in the Actions, Southfield Fire & Police should be appointed Lead Plaintiff pursuant to the PSLRA.

### c. Southfield Fire & Police Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Fed. R. Civ. P. 23(a)(3) & (4). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Grand Lodge of Pa.*, 2007 WL 1812641, at *1 n.7. Southfield Fire & Police satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). The requirement of typicality is

satisfied where the representative's claims share the same essential characteristics as the claims of the class at large. *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Rests., Inc.*, 2008 WL 260811, at *2 n.2 (M.D. Fla. July 1, 2008).

Southfield Fire & Police satisfies this requirement because, just like all other class members, it purchased St. Joe common stock during the Class Period and/or pursuant or traceable to the public offering and suffered damages thereby.  Thus, Southfield Fire & Police's claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Southfield Fire & Police to represent the class to the existence of any conflicts between the interests of Southfield Fire & Police and the members of the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and (bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and (bb).  "The determination of fair and adequate representation rests on two bases: (1) common interests between a representative and the class and, (2) a willingness and ability to vigorously prosecute the action." *Piven v. Sykes Enterprises, Inc.*, 137 F. Supp. 2d 1295, 1302 (M.D. Fla. 2000).

Here, Southfield Fire & Police is an adequate representative of the class.  As evidenced by the injuries suffered by Southfield Fire & Police, which purchased St. Joe common stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Southfield Fire & Police are clearly aligned with the

members of the class, and there is no evidence of any antagonism between Southfield Fire & Police's interests and those of the other members of the class.  Further, Southfield Fire & Police has taken significant steps which demonstrate that they will protect the interests of the class:  it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Southfield Fire & Police's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Moreover, Southfield Fire & Police, an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA:  "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

Accordingly, Southfield Fire & Police *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Southfield Fire & Police's Selection of Robbins Geller and Labaton as Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v).  In that regard, Southfield Fire & Police has selected Robbins Geller and Labaton as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions.  Accordingly, the Court should approve Southfield Fire & Police's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Southfield Fire & Police respectfully requests that the Court: (i) consolidate the related actions pursuant to Rule 42(a); (ii) appoint Southfield Fire & Police as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED:  January 3, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
Florida Bar No. 984795
DOUGLAS WILENS
Florida Bar No. 79987
SABRINA E. TIRABASSI
Florida Bar No. 25521

s/ Douglas Wilens
DOUGLAS WILENS

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
dwilens@rgrdlaw.com
stirabassi@rgrdlaw.com

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
140 Broadway
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
ckeller@labaton.com

[Proposed] Lead Counsel for Plaintiffs

        VANOVERBEKE MICHAUD &
          TIMMONY, P.C.
        THOMAS C. MICHAUD
        79 Alfred Street
        Detroit, MI  48201
        Telephone:  313/578-1200
        313/578-1201 (fax)

        Additional Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                s/ Douglas Wilens
                DOUGLAS WILENS