UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

| | |
|---|---|
| ROBERT J. MEYER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE ST. JOE COMPANY, WILLIAM BRITTON GREENE, WILLIAM S. McCALMONT, PETER S. RUMMELL, JANNA L. CONNOLLY, MICHAEL L. AINSLIE, HUGH M. DURDEN, THOMAS A. FANNING, HARRY H. FRAMPTON, III, ADAM W. HERBERT, JR., DELORES M. KESLER, JOHN S. LORD, WALTER L. REVELL, WILLIAM H. WALTON, III, DEUTSCHE BANK SECURITIES INC. and KPMG LLP,<br><br>　　　　　　　　　Defendants. | No. 3:10-cv-00452-RS/EMT<br><br><u>CLASS ACTION</u><br><br>JOINT MOTION REQUESTING RELIEF FROM THE INITIAL SCHEDULING ORDER |

Named plaintiffs Robert J. Meyer and Steven L. Weissman, lead plaintiff movants Gerald L. Hess ("Hess"), Richard L. Kneisel ("Kneisel"), and the City of Southfield Fire and Police Retirement System ("City of Southfield"), and Defendants The St. Joe Company, William Britton Greene, William S. McCalmont, Peter S. Rummell, Janna L. Connolly, Michael L. Ainslie, Hugh M. Durden, Thomas A. Fanning, Harry H. Frampton, III, Adam W. Herbert, Jr., Delores M. Kesler, John S. Lord, Walter L. Revell, William H. Walton, III, Deutsche Bank Securities Inc., and KPMG LLP (collectively, "Defendants") jointly move for an order (1) relieving all parties from complying with the Initial Scheduling Order ("Order") entered December 17, 2010 until 14 days following a decision on Defendants' motions to dismiss Plaintiffs' consolidated complaint and (2) resetting the deadlines in the Order following a decision on Defendants' motions to dismiss Plaintiffs' consolidated complaint:

1.     The Court's Order provides certain deadlines related to discovery and pre-trial matters, including deadlines for the parties to, *inter alia*, confer and file a joint discovery report to the Court pursuant to Rule 26(f), provide disclosures required by Rules 26(a)(1) and (a)(2), and file any summary judgment motions after the close of discovery. In addition, the Order sets a discovery deadline of May 31, 2011, and trial is currently scheduled for August 22, 2011 or September 12, 2011. *See* Dkt. No. 14.

2.     This consolidated action is brought under the Securities Exchange Act of 1934 for claims arising under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78(t)(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C.

§§ 77k, 77l(a)(2), and 77o.  Accordingly, this action is subject to the requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

3.	Certain provisions of the PSLRA impact the litigation of this action, particularly at its earliest stages.  For instance, the PSLRA provides a procedure for the appointment of lead plaintiff and selection of lead counsel.  *See* 15 U.S.C. 78u-4(a)(3).  Competing motions have been filed in this regard.  On January 3, 2011, movants Hess and Kneisel requested appointment as lead plaintiff with Barroway Topaz Kessler Meltzer & Check, LLP and Pomerantz Haudek Grossman & Gross LLP to serve as their co-lead counsel.  That same day, the City of Southfield filed a separate motion seeking appointment as lead plaintiff and approval of their selection of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP as lead counsel.  No appointment has been made at this time.

4.	However, upon appointment, as in most securities fraud actions, the lead plaintiff will likely file a detailed consolidated complaint subject to heightened pleading standards under the PSLRA.  *See* 15 U.S.C. 78u-4(b)(1)-(2).  As a result of these procedural requirements, consolidated complaints are often lengthy and complex, containing detailed factual allegations resulting from extensive background investigations conducted by lead plaintiffs and their counsel.  Moreover, defendants typically move to dismiss securities fraud complaints based upon the PSLRA's heightened pleading standards.

5.	The PSLRA also mandates an automatic stay of discovery during the pendency of any motion to dismiss.  15 U.S.C. 78u-4(b)(3)(B).  As one or more of the Defendants in this action anticipates filing a motion to dismiss, the PSLRA's automatic discovery stay likely conflicts with those provisions of the Court's Order identified above.

As a result, the parties seek relief from the Order commensurate with the requirements of the PSLRA.

6. Additionally, the Order provides for the filing of time records in actions where attorneys' fees may be sought from the opposing party pursuant to a statute, contract, or law. In securities fraud class actions such as this, where, if a settlement is reached or plaintiffs are successful at trial, a common fund would be created for the benefit of the class, typically the plaintiffs' attorneys are paid a percentage of this common fund. *See, e.g.*, *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 773-75 (11th Cir. 1991). Plaintiffs seek the Court's guidance whether the "Attorneys' Fees Records" provision applies in this case given that, should this action be settled or otherwise resolved in plaintiffs' favor, and should a common fund be recovered from Defendants, any attorney fee award will be based on a percentage of that fund, and it would appear that this provision is not applicable.

7. As a result of the current conflicts between the discovery stay imposed by the PSLRA and the Initial Scheduling Order, the parties respectfully request relief from certain aspects of the Court's Order. Specifically, the parties request an order (1) relieving all parties from complying with the Order entered December 17, 2010 until 14 days following a decision on Defendants' motions to dismiss Plaintiffs' consolidated complaint and (2) resetting the deadlines in the Order following a decision on Defendants' motions to dismiss Plaintiffs' consolidated complaint. Alternatively, the parties request a status conference with the Court to discuss the same.

WHEREFORE, the parties respectfully request that the Court issue an Order providing the parties with relief from the Initial Scheduling Order or, alternatively, setting a status conference to address these issues at the Court's earliest convenience.

| | |
|---|---|
| CAHILL GORDON & REINDELL LLP<br>AMY DESMOND LAMBERTI<br>CHARLES ALAN GILMAN<br>DAVID G. JANUSZEWSKI<br>80 Pine Street<br>New York, NY<br>Telephone: 212/701-3000<br>212/269-5420 (fax)<br>Counsel for Defendant Deutsche Bank Securities, Inc | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>PAUL J. GELLER<br>Florida Bar No. 984795<br>DOUGLAS WILENS<br>Florida Bar No. 79987<br>SABRINA E. TIRABASSI<br>Florida Bar No. 25521<br><br>s/DOUGLAS WILENS |
| CLARK, PARTINGTON, HART,<br>    LARRY, BOND & STACKHOUSE<br>DENNIS K. LARRY<br>125 West Romana Street, Suite 800<br>Pensacola, Florida 32502<br>Telephone: 850/434-9200<br>850/432-7340 (fax)<br><br>Counsel for Defendants Deutsche Bank Securities, Inc., The St. Joe Company, William Britton Greene, William S. McClamont, Peter S. Rummell, Janna L. Connolly, Michael L. Ainslie, Hugh Durden, Thomas Fanning, Harry H. Frampton, III, Adam W. Herbert, Jr., Delores M. Kesler, John S. Lord, Walter L. Revell, and William H. Walton, III | 120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>pgeller@rgrdlaw.com<br>dwilens@rgrdlaw.com<br>stirabassi@rgrdlaw.com<br><br>LABATON SUCHAROW LLP<br>CHRISTOPHER J. KELLER<br>140 Broadway<br>New York, NY  10005<br>Telephone:  212/907-0700<br>212/818-0477 (fax)<br>ckeller@labaton.com<br><br>Counsel for Proposed Lead Plaintiff Southfield Fire & Police Retirement System |

- 4 -

BRYANT AND HIGBY,
CHARTERED
CLIFFORD C. HIGBY
P.O. Box 860
Panama City, Florida 32402
Telephone: 850/763-1787
850/785-1533 (fax)

KING & SPALDING LLP
JASON RICHARD EDGECOMBE
JOHN PATTERSON BRUMBAUGH
1180 PEACHTREE ST NE
ATLANTA, GA 30309-3521
Telephone:  404/572-4600
404/572-5139 (fax)

Counsel for Defendant KPMG LLP

KURKIN FOREHAND BRANDES LLP
JOHN W. FOREHAND
Fla. Bar No. 0979813
800 North Calhoun Street, Suite 1-B
Tallahassee, FL 32303
Telephone: 850/391-5060
850/391-2645 (fax)

SHEPHERD, FINKELMAN, MILLER
   & SHAH, LLP
SCOTT R. SHEPHERD
Fla. Bar No. 069655
NATHAN C. ZIPPERIAN
Fla. Bar No. 065125
JAYNE A. GOLDSTEIN
Fla. Bar No. 0144088
1640 Town Center Circle, Suite 216
Weston, FL 33326
Telephone: 954/515-0123
954/515-0124 (fax)

BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
SEAN M. HANDLER
DARREN J. CHECK
NAUMON A. AMJED
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

POMERANTZ HAUDEK GROSSMAN
   & GROSS LLP
PATRICK V. DAHLSTROM
MARC I. GROSS
100 Park Avenue
New York, NY 10017
Telephone: 212/661-1100
212/661-8665 (fax)

Counsel for Proposed Lead Plaintiffs
Gerald L. Hess and Richard L. Kneisel

GOLDFARB BRANHAM LLP
CHARLES W. BRANHAM, III
HAMILTON LINDLEY
2501 N. Harwood Street, Suite 1801
Dallas, TX 75201
Telephone:  214/583-2233
214/583-2234 (fax)

Counsel for Named Plaintiff Robert J. Meyer

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

s/DOUGLAS WILENS
DOUGLAS WILENS
